UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANCIS FONG, )<br>)<br>Defendant. )<br>_____)<br>)<br>FRANCIS FONG, )<br>)<br>Cross-claimant, )<br>)<br>v. )<br>)<br>D. PATRICK MULLARKEY, )<br>)<br>Cross-defendant. ) | No. 2:08 CV 82 |

## OPINION and ORDER

This cause comes before the court upon the motion for summary judgment (DE # 13) of plaintiff, the United States of America, upon the motion to dismiss (DE # 15) of defendant, Francis Fong ("Fong"), and upon the court's own motion because of Fong's purported cross claim (DE # 17). For the reasons discussed below, this court, having considered all of the parties' various submissions, concludes that plaintiff's motion for summary judgment (DE # 13) will be granted, defendant's motion to dismiss (DE # 15) will be denied, and defendant's cross claim (DE # 17) will be dismissed with prejudice.

## I. Summary Judgment Standard

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists only if there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Id.* at 249.

In considering a motion for summary judgment, the court views all of the evidence in the light most favorable to the party opposing the motion. *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Id.* If the movant meets that burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## II. Background Facts

Having complied with the requirements of 26 U.S.C. § 7401, plaintiff brings this civil action to reduce to judgment unpaid federal income tax assessments against Fong. (DE # 1.) Plaintiff has certified that Fong did not file federal income tax returns with the United States Internal Revenue Service ("IRS") for the tax years of 1995, 1997, 1998, 1999, 2000, 2001, 2002, and 2003. (DE # 13-2 at 2.) Having given Fong notice of the assessments and having made demands for payment of these assessments, delegates of the United States Secretary of the Treasury made assessments against Fong for federal income tax liabilities, penalties, statutory additions, and interest as follows:

| Assessment Notice and Payment Demand Date | Tax Year | Total Amount |
| --- | --- | --- |
| March 16, 1998 | 1995 | $ 6,199.47 |
| October 11, 2004 | 1997 | $ 15,147.66 |
| October 11, 2004 | 1998 | $ 8,377.70 |
| November 29, 2004 | 1999 | $ 6,622.80 |
| November 22, 2004 | 2000 | $ 9,304.75 |
| November 22, 2004 | 2001 | $ 10,142.45 |
| November 22, 2004 | 2002 | $ 8,654.48 |
| October 17, 2005 | 2003 | $ 5,967.92 |

(*Id.*) Plaintiff has certified that notices of the above assessments, and demands for their payment, were sent to Fong on or about the above dates of assessment. (*Id.*) The assessments were based on the total payments to Fong that were reported to the IRS by the entities that had made the payments. (*Id.* at 3.) Plaintiff has provided authenticated copies of the relevant documents that report the payments to Fong, for such items as

pension, interest, and gambling income, on which Fong did not pay income tax, resulting in Fong's income tax liabilities for the years at issue. (*Id.* at 5.) Plaintiff has further certified that, despite these notices and demands, Fong has refused or neglected to fully pay these assessed liabilities and, as a result, there remains due and owing to plaintiff the sum of $ 91,159.81 plus interest and other statutory additions that have accrued from and after May 1, 2008. (DE # 13 at 2.) Plaintiff requests the entry of judgment in its favor, and against Fong, with respect to these items. (*Id.* at 2-3.) Furthermore, plaintiff requests its costs in pursuing this matter. (*Id.*)

### III. Discussion

This court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402(a). An assessment of federal income tax by the IRS is generally presumed valid. *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Prior to July 22, 1998, if a taxpayer challenged such an assessment, the taxpayer had the burden of overcoming this presumption of correctness by proving, by a preponderance of the evidence, that the IRS Commissioner's determinations were incorrect. *Id.* at 115. After the adoption of 26 U.S.C. § 7491(a)(1) on July 22, 1998, if "a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue." 26 U.S.C. § 7491(a)(1). However, in the present case, the distinction is not relevant because Fong has failed to provide this court with any credible evidence with respect to any factual issue that is relevant to ascertaining his tax liability.

4

Accordingly, plaintiff's properly-submitted notices of deficiencies that document Fong's tax liability will be presumed valid by this court. In the verified attachments to its motion for summary judgment, plaintiff has provided reliable information documenting the income that Fong failed to pay federal income taxes on for the relevant years. (DE # 13.) Furthermore, the IRS has shown that it used that information to properly compute the assessment amounts against Fong. (*Id.*)

In support of its motion for summary judgment, plaintiff has provided a declaration (DE # 13-4 at 1-2) from an employee of the IRS, Yvette Stiger ("Stiger"). Stiger states that delegates of the United States Secretary of the Treasury made assessments against Fong, for income tax, penalties, and interest, as detailed already in this opinion and order, and that Fong owes to plaintiff the sum of $ 91,159.81 with respect to those assessments. (*Id.;* s*ee also* DE # 13 at 1-2.) Plaintiff also has provided the declarations of Douglas Snoeyenbos and Kenneth Campagna, along with accompanying exhibits, to show that the IRS had a rational basis for making the assessments against Fong. (DE # 13 at 2.) Plaintiff argues that summary judgment should be entered in its favor because Fong cannot meet his required burden of production and persuasion to overcome the presumed correctness of the IRS's assessments. (*Id.*) Plaintiff argues that this is true because Fong cannot prove, by a preponderance of the evidence, that the IRS Commissioner's determinations were incorrect. (*Id.*)

Fong did not respond to the merits of plaintiff's motion for summary judgment. Instead, Fong filed a motion to dismiss the case. (DE # 15.)[1] In support of his motion to dismiss the case, Fong attached only irrelevant documents that were devoid of factual support, which, as a result, do not merit discussion herein. (*Id.*) Fong has not provided this court with any records or affidavits that would serve to reasonably dispute the facts presented by plaintiff. (*Id.*)

Fong submitted a memorandum in support of his motion to dismiss plaintiff's complaint. (DE # 16.) In this memorandum, Fong made the wild and wholly unsupported argument that plaintiff's counsel and this court "removed Fong's 1995 Form 1040 return by 'theft of my U.S. mail to the IRS dating back to 1977.'" (*Id.* at 2.) Fong further alleged that the IRS's file had been falsified. (*Id.*) Needless to say, Fong provided no factual support for these wild allegations.

In Fong's memorandum, he also made a legally-baseless claim that the abstention doctrine that originated in *Younger v. Harris*, 401 U.S. 37 (1970), would

---

[1] Fong failed to file a response to plaintiff's motion for summary judgment, and Fong also failed to submit a statement of genuine issues. (*See* DE # 21 at 2.) Magistrate Judge Paul Cherry generously extended Fong's briefing deadlines from July 29, 2008, to September 5, 2008. (*Id.*) However, Fong still failed to file either a response to plaintiff's motion for summary judgment or a statement of genuine issues by this extended deadline. After the extended deadline had already passed, Fong filed a motion requesting additional time to respond (DE # 25), which Magistrate Judge Cherry denied with leave for Fong to refile that motion because Fong failed to follow LOCAL RULE 6.1(b). (*See* DE # 30.) That local rule requires a recitation as to whether opposing counsel objected to the requested extension of time and, if opposing counsel did object, a recitation regarding the movant's efforts to obtain agreement. (*Id.*) Fong never re-filed his motion requesting additional time to respond, so plaintiff's motion for summary judgment is ripe for determination by this court.

6

require the present federal case against Fong to be dismissed because it would interfere with an ongoing state court action, *W. C. Sibley v. City of Hammond*, 45D09-0706-PL-0046. Federal case law allows a federal district court to take judicial notice of state court decisions. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (holding that a district court "did not err . . . in relying upon a public record, the state court dismissal"), *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (holding that the district court properly considered "public court documents filed in the earlier Indiana state court case . . . ."). The Clerk of this court received from the relevant state court's clerk a certified copy of the docket sheet for the case Fong cited. This certified docket sheet, the accuracy of which cannot reasonably be questioned, shows that the entire case that Fong cited in his memorandum was dismissed by the relevant state court on October 1, 2008. Accordingly, the *Younger* abstention doctrine is inapplicable here because there is no state court case that the present federal case could disrupt. *See Younger*, 401 U.S. at 37. Even if the state court case had not been dismissed, this court agrees with plaintiff's assertion that "[i]t is difficult to conceive of a state court action . . . that a federal tax collection case could interfere with . . . ." (DE # 19 at 2.)

On a final issue, and on its own motion, this court notes that Fong also filed what purports to be a cross claim against D. Patrick Mullarkey ("Mullarkey") to name him as a cross-defendant. (DE # 17.) What Fong fails to grasp is the simple procedural fact that, under FEDERAL RULE OF CIVIL PROCEDURE 13(g), a cross claim must be against a co-party, and Mullarkey is not a co-party with Fong in this action. FEDERAL RULE OF CIVIL

7

PROCEDURE 13(g) does not authorize the assertion of cross claims against strangers to the litigation, such as Mullarkey. *See Wake v. United States*, 89 F.3d 53, 62 (2d Cir. 1996). Furthermore, Fong could not re-file his claim as a third-party claim against Mullarkey because a third-party defendant must be "a nonparty who is or may be liable to [Fong] for all or part of the claim against" him. FEDERAL RULE OF CIVIL PROCEDURE 14(a). Fong's claims against Mullarkey are unrelated to Fong's liability for unpaid income taxes and fees. Fong's claims against Mullarkey include only unsubstantiated claims that Mullarkey stole Fong's mail, requested the destruction of a tape, and defamed Fong on the internet. (DE # 17.) There is no conceivable way that Fong can claim that Mullarkey is liable for all or part of Fong's back tax liability. Accordingly, Fong cannot file any valid claims against Mullarkey. As a result, giving Fong a chance to re-file his claim against Mullarkey would be pointless. A court is allowed to *sua sponte* enter summary judgment as to frivolous claims, such as Fong's purported cross claim.[2] *See*

---

[2] This court further notes that Fong is on the restricted filers list for the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit"). This is yet another reason that this court will not allow Fong the opportunity to re-file his claim to bring Mullarkey in as a third-party defendant. To do so, Fong would need to serve a summons and complaint on a non-party, here Mullarkey, as required by FEDERAL RULE OF CIVIL PROCEDURE 14(a)(1). The Seventh Circuit has required Fong to "obtain leave of court before filing any civil action in the district court . . . ." *Fong v. Purdue Univ.*, Nos. 91-1160, 91-1547, and 91-1722, 1992 WL 230252 (7th Cir. Sept. 18, 1992) (unpublished disposition). This court is convinced that allowing Fong to file a claim against a non-party to this matter would violate the Seventh Circuit's order. Furthermore, a thorough review of Fong's purported claims against Mullarkey show that these claims are frivolous.

*Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005).  Accordingly, this court will dismiss with prejudice Fong's cross claim against Mullarkey.  (DE # 17.)

**IV. Conclusion**

Plaintiff has provided appropriate documentation of the assessments against Fong for income tax, penalties, and interest, as detailed already in this opinion and order, and plaintiff has appropriately established that Fong owes to it the sum of $ 91,159.81 with respect to those assessments.  (DE # 13 at 1-2; DE # 13-4 at 1-2.) Plaintiff also has provided appropriate documentation to show that the IRS had a rational basis for making these assessments against Fong.  (DE # 13 at 2.)  Fong has failed to provide this court with any credible evidence whatsoever to dispute the correctness of plaintiff's submissions.  Accordingly, this court concludes that Fong did not meet his required burden of production and persuasion to overcome the presumed correctness of the IRS's assessments.  As a result, Fong has failed to establish that a genuine dispute of material fact exists upon which a reasonable jury could return a verdict in his favor.  *See Anderson*, 477 U.S. at 247-49.  Therefore, summary judgment should be granted in favor of plaintiff, the United States of America, and against defendant, Fong.

Accordingly, for the foregoing reasons:

(1) Plaintiff's motion for summary judgment (DE # 13) is **GRANTED**.

(2) Fong's motion to dismiss (DE # 15) is **DENIED**.

(3) Fong's cross claim against D. Patrick Mullarkey (DE # 17) is **DISMISSED WITH PREJUDICE**.

(4) The Clerk is to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of plaintiff, the United States of America, and against defendant, Fong, in the amount of $ 91,159.81 plus interest and other statutory additions that have accrued from and after May 1, 2008. Plaintiff shall also be entitled to recover from defendant plaintiff's costs in pursuing this matter.

(5) The Clerk is directed to **CLOSE** this case and to **TERMINATE** any pending motions.

**SO ORDERED.**

**DATED:** October 10, 2008

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT